IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOTUN DAVID FAKEYE,                 *

Plaintiff                                   *

v                                          *         Civil Action No. PX-17-2444

UNITED STATES GOVERNMENT, *et al*.,     *

Defendant                        *
                                             ***

## **MEMORANDUM**

The above-captioned Complaint was filed on August 24, 2017, together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1 and 2. Because Plaintiff appears to be indigent, the motion shall be granted.

    Plaintiff states:

    I am suing you after treaty. Treaty is not conspiracy. My nuclear is set in Russia. My allies are exception until United States Government, CIA, and the United States Police comply. Keep off my extended family and my businesses. Face the wall when coincidentally I will hit the United States Government like I am educated $18 trillion for conspiring my exception.

    And insist on having the right to remove and hit any conspiracy building or center field and places that look like it.

ECF No. 1, p. 1.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys." *Id. Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D.Md. Oct. 6, 2015). Under 28 U.S.C. § 1915, however, courts must preliminarily screen non-prisoner complaints to ascertain whether the plaintiff has pleaded a cognizable claim. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint).

Here, Plaintiff's Complaint lacks cogency and does not include any information that supports a plausible cause of action. Accordingly, this Court dismisses the Complaint. A separate order follows.

|  12/12/17  | /S/ |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |